[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 01, 2011
JOHN LEY
CLERK

No. 11-10039
Non-Argument Calendar
_____

Agency No. A094-814-809


YU BIAO CHEN,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 1, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Yu Biao Chen, a native and citizen of China, petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the immigration judge's (IJ's) final order of removal and denying his claims for asylum, withholding of removal, and Convention Against Torture (CAT) relief. After review, we deny Chen's petition.

Chen asserts that he suffered past persecution because he was forced to watch his wife taken away for sterilization, and was bruised in a struggle with family planning officials when he tried to resist. Chen contends he established past persecution and is thus created to a presumption of a well-founded fear of persecution, entitling him to both asylum and withholding of removal.[1] Chen contends the BIA erred in applying *Matter of J-S-*, 24 I. & N. Dec. 520 (A.G. 2008), to his case because he filed his application before it was decided and he relied on the laws as they existed at the time. He further requests, if we hold that *J-S-* was applied retroactively in error, that this Court award him *nunc pro tunc* relief and declare him eligible for asylum because his due process rights were violated.

---

[1] Chen does not mention the denial of CAT relief in his brief, and has, therefore, abandoned the issue. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) ("[A] party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue–even if properly preserved at trial–will be considered abandoned.").

Here, the BIA issued its own opinion, and we thus review the BIA's decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's factual findings to determine whether they are supported by substantial evidence. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). "[W]e view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. We may reverse the BIA's factual findings only when the record compels a reversal. *Id.*

An applicant for asylum must demonstrate that he is a refugee. 8 U.S.C. § 1158(b)(1). An applicant qualifies as a refugee if he suffered past persecution, or has a well-founded fear of future persecution, in his country of origin. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1351 (11th Cir. 2009).

> Congress has provided that
>
> a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.

8 U.S.C. § 1101(a)(42)(B).

In *J-S-*, the Attorney General determined that an individual whose spouse has been forced to undergo an abortion or sterilization is not automatically entitled to refugee status under 8 U.S.C. § 1101(a)(42)(B). 24 I. & N. Dec. at 523-24. We have recognized the Attorney General's interpretation of the statute. *Yu v. U.S. Att'y Gen.*, 568 F.3d 1328, 1332-33 (11th Cir. 2009). After *J-S-*, an applicant seeking to establish eligibility for asylum under 8 U.S.C. § 1101(a)(42)(B) must show that: (1) he or she personally underwent a forced abortion or involuntary sterilization; or (2) he or she was persecuted, or has a well-founded fear of future persecution, on account of other resistance to a population control program. *Id.* at 1332.

In *Yu*, we held that the BIA's application of *J-S-* to an asylum claim filed before *J-S-* was issued was not an improper, retroactive application of new law. *Id.* at 1333. The Attorney General's ruling "clarified the correct interpretation of the law; it did not change the law." Consequently, retroactivity concerns did not apply. *Id*.

As an initial matter, even assuming, *arguendo*, Chen has a due process interest in asylum relief, our precedent establishes the BIA did not err when it applied *J-S-* to his case. *See Yu*, 568 F.3d at 1332-33. Furthermore, because the

law was properly applied to his case, there was no agency error depriving him of an opportunity to apply for relief, and so *nunc pro tunc* relief is not appropriate.

As to the merits, substantial evidence supports the BIA's finding that Chen is not entitled to asylum based on past persecution or a well-founded fear of future persecution. Chen could not establish past persecution based solely on his wife's forced abortion. *See Yu*, 568 F.3d at 1332-33. Concerning his allegations, a single, mild beating, resulting only in bruises, and accompanied by threats on which officials did not act, is insufficient to establish that he was persecuted for resisting China's coercive family planning policy. *See Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (holding a single beating, coupled with assorted threats, did not constitute past persecution or give rise to a well-founded fear of future persecution because the applicant only suffered minor injuries, in the form of bruising, from that beating).

Likewise, the BIA's determination that Chen's fear of future persecution was not objectively reasonable is supported by substantial evidence because the record does not compel the conclusion that there is a reasonable possibility that Chen will be persecuted if he is removed to China. *See Al Najjar*, 257 F.3d at 1289 (an applicant must show that his fear of persecution is "subjectively genuine and objectively reasonable"). As Chen does not meet the standard for asylum, he

likewise fails to meet the higher standard for withholding of removal.  *See*

*Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232-33 (stating an applicant who is

unable to satisfy the standard for asylum generally will be unable to meet the more

stringent standard for withholding of removal).  Accordingly, we deny Chen's

petition for review.

**PETITION DENIED.**